Douglas N. Gottron, Esquire (Bar No. 06881)
Morris Palerm, LLC
416 Hungerford Drive
Suite 315
Rockville, MD 20850
P: (301) 424-6290
F: (301) 424-6294
dgottron@morrispalerm.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
Greenbelt Division

| | |
|---|---|
| *In Re:* | |
| **DONALD P. QUARLES** | Case No: 12-28688 PM<br>Chapter: 11 |
| *and* | |
| **MICHELLE W. QUARLES** | |
| *Debtors* | |
| **DONALD P. QUARLES, ET UX.** | |
| *Plaintiffs* | |
| *vs.* | Adversary No: |
| **BRANCH BANKING AND TRUST COMPANY**<br>150 South Stratford Road, Suite 201<br>Winston Salem, North Carolina 27104<br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, Maryland 21201<br>*Resident Agent* | |
| *Defendant* | |

**COMPLAINT TO AVOID GARNISHMENT LIEN PURSUANT TO 11 U.SC. § 522(F)**

Come now the Debtors and Debtors-in-Possession, Donald P. Quarles and Michelle W. Quarles ("Quarles"), by and through their counsel, Douglas N. Gottron and Morris Palerm, LLC, and sues Branch Banking and Trust Company ("BB&T") (a) to avoid a prepetition judicial garnishment lien (the "Garnishment Lien") asserted by BB&T against certain bank accounts in the name of the Debtors, individually and/or jointly, pursuant to 11 U.S.C. § 522(f).

## INTRODUCTION

This is a Complaint seeking to avoid the Garnishment Lien asserted by BB&T on certain exempt funds (the "Funds"), which Funds are held by the Debtors, individually and/or jointly, in one or more bank accounts located at Suntrust Bank (the "Bank Accounts").

## JURISDICTION

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

3. This adversary proceeding has been commenced in accordance with Rule 7001 of the Federal Rules of Bankruptcy Procedure, and is a core proceeding pursuant to 28 U.S.C. § 157(b).

## PARTIES

4. The Debtors are debtors-in-possession in this Court by virtue of the filing of their voluntary petition on October 13, 2012 pursuant to Chapter 11 of the U.S. Bankruptcy Code.

5. Defendant, BB&T, is a banking institution organized under the laws of the State

of North Carolina and licensed as such with the Maryland State Department of Assessments and Taxation. BB&T is a judgment creditor of the Debtors and therefore of this bankruptcy estate.

## BACKGROUND

6. On December 16, 2010, BB&T obtained a Judgment (the "Judgment") against the Debtors in the Circuit Court for Montgomery County, Maryland (Case No: 341673V), which Judgment was amended on February 25, 2011, and entered in the principal sum of Three Hundred Thirty Thousand Eight Hundred Three and 71/100 Dollars ($330,803.71) together with interest as of November 26, 2010 of Six Thousand Three Hundred Twenty-Five and 19/100 Dollars ($6,325.19), late charges of Two Thousand Eight Hundred Sixteen and 16/100 Dollars ($2,816.16) and attorney's fees of Forty-Nine Thousand Six Hundred Twenty and 56/100 Dollars ($49,620.56) for a total of Three Hundred Eighty-Nine Thousand Five Hundred Sixty-Five and 62/100 Dollars ($389.565.62).

7. On February 25, 2011, pursuant to request, the Circuit Court for Montgomery County issued Writs of Garnishment to Suntrust Bank relative to certain accounts held and maintained therein by Debtors; said Writs of Garnishment were, thereafter, served upon Suntrust Bank. Service of said Writs of Garnishment caused Suntrust Bank to "freeze" any and all accounts belonging to the Debtors herein.

8. On March 28, 2011, Suntrust Bank, as garnishee, submitted Answers to the Writs of Garnishment as to Michelle Washington Quarles and as to Donald P. Quarles, the Debtors herein; and, in so doing, confessed to holding an accounts (1) in the name of Donald P. Quarles with a then existing balance of $2,210.74, (2) in the name of Michelle W. Quarles with a then existing balance of $115.07, and (3) in the name of Michelle W. Quarles jointly with another

person with a then existing balance of $2,448.93.

9. On May 6, 2011, Suntrust Bank, as garnishee, submitted an Amended Answer to the Writs of Garnishment in which it indicated that Suntrust Bank was not holding any funds for and/or on behalf of Michelle W. Quarles and that the account information and funds held as previously represented in answer to the Writ of Garnishment were represented by checks that were "subsequently dishonored." Notwithstanding said Amended Answer and pursuant to more recent verbal representations to the Debtors herein, Suntrust Bank has acknowledged that it continues to hold funds belonging to the Debtors as represented in it's original Answer to the Writs of Garnishment as heretofore set forth.

10. On July 6, 2011, the Circuit Court for Montgomery County, Maryland, denied a request for judgment by BB&T as to Donald P. Quarles and as to Michelle W. Quarles.

11. On September 6, 2012, BB&T filed anew it's request for judgment on the garnishments as to Donald P. Quarles and as to Michelle E. Quarles.

12. Prior to the Circuit Court entering any order relative to the BB&T requests for judgment on the garnishments, as said, Debtors filed their bankruptcy petition in this Court on October 13, 2012. Immediately thereafter, a Suggestion of Bankruptcy was filed with the Clerk for the Circuit Court for Montgomery County, Maryland.

13. On January 8, 2013, Debtors submitted an Amended Schedule B (Doc. No. 30) in which Debtors itemized their interest in and to the funds held by Suntrust Bank in the sum of $4,428.87. Further, Debtors also submitted an Amended Schedule C (Doc. No. 30) in which Debtors claimed an exemption of said funds held by Suntrust Bank under and pursuant to Maryland Courts & Judicial Proceedings Code Ann., § 11-504(b)(5).

14. To this date, Suntrust Bank continues to hold the aforesaid funds belonging to the Debtors herein.

**COUNT I**

**AVOIDANCE OF JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)**

15. The allegations set forth in paragraphs 1 through 14 are incorporated herein as if restated in their entirety.

16. 11 U.S.C. § 522(f) permits a debtor to avoid a judicial lien upon exempt property. As stated in the relevant statute, in pertinent part:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) [11 USCS § 523(a)(5)]....[1]

17. The Funds on deposit in the Suntrust Bank Accounts are owned by the Debtors and are exempt pursuant to claimed exemption under Maryland Courts & Judicial Proceedings Code Ann., § 11-504(b)(5).

18. The Garnishment Liens imposed by virtue of service of the Writs of Garnishment upon Suntrust Bank, as said, are judicial liens as described in 11 U.S.C. § 522(f).

19. The Garnishment Liens are fixed against an interest of the Debtors in property of the estate.

20. The Garnishment Liens impair an exemption to which the Debtors would otherwise be entitled under Section 522 of the Bankruptcy Code, which exemption they have

[1] 11 U.S.C. § 522(f)(1)(A). It should be noted that the judicial lien referenced under 11 U.S.C. § 523(a)(5) pertains to domestic support obligations which is inapplicable in the matter *sub judice*.

claimed.

21. Pursuant to 11 U.S.C. § 542(a), "an entity...in possession...of property...that the debtor may exempt under section 522 of this title [11 USCS § 522], shall deliver to the trustee, and account for, such property or the value of such property...." As a trustee has not been appointed in the bankruptcy case, debtor, as debtor-in-possession, shall act as trustee for all purposes, 11 U.S.C. § 1101(1), and shall, accordingly, be entitled to return of the aforesaid property belonging to the Debtors.

WHEREFORE, Debtors respectfully pray unto this honorable Court as follows:

(1) That the Court determine and declare that the Garnishment Liens fixed upon the funds currently held by Suntrust Bank by virtue of the service of the Writs of Garnishment on or about February 25, 2011, are avoided pursuant to 11 U.S.C. § 522(f); and,

(2) That the Court issue an Order requiring BB&T to undertake such actions are may be necessary to cause a turnover of the aforesaid funds unto the Debtors;

(3) That the Court issue an Order allowing the funds held by Suntrust Bank to be released and given unto the Debtors; and,

(4) For such other and further relief as may be deemed just and proper under the circumstances.

Dated:
March 14, 2013

Respectfully submitted,

/s/ *Douglas N. Gottron*
Douglas N. Gottron, Bar No. 06881
Morris Palerm, LLC
416 Hungerford Drive, Suite 315
Rockville, MD 20850
P: (301) 424-6290
F: (301) 424-6294
dgottron@morrispalerm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing COMPLAINT TO AVOID GARNISHMENT LIEN PURSUANT TO 11 U.S.C. § 522(F) was posted by regular United States mail, postage prepaid, and/or by electronic delivery this 14th day of March, 2013, to the following:

Branch Banking and Trust Company
c/o The Corporation Trust Incorporated
351 West Camden Street
Baltimore, Maryland 21201

Christine N. Johnson
Protas Spivok & Collins, LLC
4330 East West Highway
Suite 900
Bethesda, MD 20814
(301) 469-3608
(301) 469-3601 (fax)
Email: cjohnson@psclaw.net
Counsel for Branch Banking & Trust

Michael J. Klima, Jr.
Thieblot Ryan P.A.
810 Gleneagles Court
Suite 312
Towson, MD 21286-2237
(410) 837-1140
(410) 296-4990 (fax)
Email: bankruptcy@trm-h.com
Counsel for Consumer Portfolio Services, Inc.

M. Evan Meyers
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue
Suite 400
Riverdale Park, MD 20737
(301) 699-5800
301-779-5746 (fax)
Email: bdept@mrrlaw.net
Counsel for Prince George's County, Maryland

Leander D. Barnhill
Office of the US Trustee
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770
(301) 344-6216
(301) 344-8431 (fax)
Email: leander.d.barnhill@usdoj.gov
U.S. Trustee - Greenbelt

Respectfully submitted,

/s/ *Douglas N. Gottron*
Douglas N. Gottron
Bar No. 06881
Morris Palerm, LLC